# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ABDURRAZZAG FARIS,

Plaintiff,

v.

PERFORMANCE BICYCLE SHOP, INC.

Defendant.

## NOTICE OF REMOVAL

**TO: HONORABLE JUDGES OF THE UNTED STATES DISTRICT COURT, FOR THE DISTRICT OF COLORADO**

Defendant, Performance Bicycle Shop, Inc., pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1446(a), files this Notice of Removal of this from the District Court, Larimer County, Colorado to the United States District Court for the District of Colorado, and in support states as follows:

### I.   INTRODUCTION

1. Plaintiff filed his Complaint in Larimer County District Court on September 5, 2014, alleging a claim for negligence. Defendant was served with the Complaint on September 12, 2014. [*See* **Exhibit A**, Return of Service].

2. A Notice of Removal shall be filed within thirty days of service of the initial complaint. *See* 28 U.S.C. § 1446(b). This Notice of Removal, having been filed prior to October 11, 2014, is timely.

1

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy allegedly exceeds the sum of $75,000, exclusive of interests and costs.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in the Larimer County District Court, Colorado are provided with this Notice of Removal.

5. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district embraces the place in which the removed action is pending.

6. Written notice of the filing of the Notice of Removal was promptly served on Plaintiff's counsel and a copy was filed promptly with the District Court Clerk for Larimer County, Colorado pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of this Notice of Removal to Federal Court was filed with the clerk contemporaneously with this Notice of Removal.

## II. DIVERSITY OF CITIZENSHIP EXISTS

7. Plaintiff is and was at the commencement of this action a citizen of Colorado. [*See* Complaint at ¶ 1].

8. Defendant Performance Bicycle Shop, Inc. is not a Colorado citizen. It is a North Carolina corporation with its principal place of business in North Carolina. [*See* Complaint at ¶ 2 and Answer at ¶ 2; *see also* **Exhibit B**, Performance Bicycle Shop, Inc.'s North Carolina Articles of Incorporation].

9. Complete diversity exists between the parties to this action.

### III.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

11.     A federal court has subject matter jurisdiction when there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008); 28 U.S.C. § 1332(a).

12.     Plaintiff's Complaint does not allege the amount of damages he is seeking. However, the amount in controversy may be shown through other means, including the facts alleged in the Complaint. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal. *McPhail*, 529 F.3d at 954.

13.     Here, Plaintiff alleges that he sustained "severe and permanent injuries" when he flipped over the handle bars of his bike. [*See* Complaint at ¶¶ 4 and 5]. Plaintiff's Complaint alleges that he incurred "substantial, serious, physical and emotional injuries including…physical injuries, past, present, and future physical pain and suffering and severe mention anguish…" [*See* Complaint at ¶ 8].  In addition, Plaintiff states that his damages are still accruing. [*See* Complaint at ¶ 9].

14.     In addition, Plaintiff's attorney states that his client's economic damages are $20,000 at this point, but are still accruing, and may, once noneconomic damages and impairment are factored in, exceed $75,000. [*See* **Exhibit C**, 8/8/14 email from Plaintiff's attorney Michael Born].

19.     Defendant has proved by a preponderance of the evidence that removal is permissible under 28 U.S.C. § 1446 and that this Court has subject matter jurisdiction over this matter.

**WHEREFORE**, Defendant Performance Bike Shop, Inc. removes the State Court action pending as case number 2014CV030876 in the District Court, Larimer County, Colorado to the United States District Court for the District of Colorado.

**DATED** this 10th day of October, 2014.

Respectfully submitted,

/s/ Billy-George Hertzke
Billy-George Hertzke
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone:  303-320-0509
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of October, 2014, I filed a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** with the Clerk of Court and sent a copy via e-mail to:

Michael Born
bornm@fdazar.com
*Attorney for Plaintiff*

/s/ Tammy Stephenson
Tammy Stephenson, Legal Secretary

00555218